UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTOPHER EUGENE VALDEZ,

    Plaintiff,

v.                                                    CASE NO. 8:23-cv-1232-SDM-JSS

PETE CUMMINGS, et al.,

    Defendants.
_____/

**O R D E R**

    Valdez's complaint alleges that the defendant police officers violated his civil rights when they coerced him into answering questions despite his request for an attorney. This action proceeds under Valdez's second amended complaint. (Doc. 6) Valdez filed this action in the United States District Court for the Southern District of Florida, Key West Division. Because the action is based on events that occurred in Sarasota, Florida, the action was properly transferred to this district court.

    An earlier order (Doc. 14) grants Valdez leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

Valdez represents (1) that he was arrested in Key West, Florida, under an outstanding arrest warrant from Sarasota County, Florida, (2) that he was later transferred to the Sarasota County jail, and (3) that he was appointed a public defender to represent him.  Valdez alleges (1) that a few days later members of the Longboat Key Police Department "coerced and threatened [him] into an interview (interrogation)" despite his statement "that he did not want to speak with them without his lawyer" (Doc. 6 at 3), (2) that more than a week later the officers returned to the jail and "signed Valdez out" to their custody, and (3) that despite his stating that he neither wanted to talk to them nor to go anywhere with them, the officers coerced him into waiving his right to counsel by threatening to charge him with additional burglaries if he did not ride with them to show where he and his co-defendant engaged in certain activities.

A name search on the website for the Twelfth Judicial Circuit Court, Sarasota County, Florida,* shows that Valdez was convicted of both attempted burglary of an unoccupied dwelling and accessory after the fact.  A successful challenge to the admissibility of Valdez's statements to the law enforcement officers — statements that were allegedly obtained in violation of his constitutional rights — would challenge the validity of his convictions.  *See Edwards v. Arizona*, 451 U.S. 477 (1981).

*Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994), precludes Valdez from challenging the validity of either the conviction or the sentence in a civil rights action instead of in an application for the writ of habeas corpus.

> We hold that, in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm

---

* Available at https://secure.sarasotaclerk.com/CaseInfo.aspx.

> caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck* requires dismissal of a civil rights complaint if a ruling in the plaintiff's favor questions the validity of the conviction or sentence. Valdez has no Section 1983 claim unless he first prevails on habeas corpus. "[A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." *Heck*, 512 U.S. at 489–90.

Consequently, Valdez fails to state a claim for relief that he can pursue in a civil rights action because the complaint fails to allege that the convictions were "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." *Heck*, 512 U.S. at 487.

As shown above, Valdez fails to state a claim on which relief can be granted. Amendment of the action would prove futile because Valdez can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments

previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The civil rights complaint is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim on which relief may be granted. This dismissal is without prejudice to Valdez's re-filing a Section 1983 complaint if he succeeds in having the convictions vacated. The clerk must enter a judgment of dismissal against Valdez and **CLOSE** this case.

ORDERED in Tampa, Florida, on July 3, 2023.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE